## CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

v.

Santana

June 15, 1989

Case No. C88-1979

By JUDGE THOMAS R. MONROE

Tht for simple negligence.

Plaintiffs find an inference of civil liability in Va. Code § 46.1-226 which exempts local law enforcement officials from criminal liability for certain acts done in the emergency operation of a vehicle. The last sentence of the statute reads: "Nothing in this section shall be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation." While this statute does not directly address the issue of sovereign immunity, plaintiff contends that the effect of the statute is to hold officers such as Officer Howard to the standard of reasonable care under the circumstances.

The statute relied upon by plaintiffs does not abrogate the law of governmental immunity, nor does it carve out a special exception to the law of immunity so as to hold operators of emergency vehicles owned by a governmental entity liable for their acts of simple negligence. The statute's purpose is to insulate emergency vehicle operators from the flurry of criminal traffic citations that would proliferate as a result of their driving maneuvers in the absence of such legislation. Though it may appear to set a standard of care applicable to drivers of emergency vehicles, it does not address the broader policy considerations embodied in the doctrine of governmental immunity,

such as the need to encourage public service and protect the public purse from depletion for every error made by a governmental employee. In short, the statute's purpose, to exempt those like Officer Howard from criminal traffic citations, is not inconsistent with the purposes of governmental immunity. The issue of what standard a squad car driver should be held to on the open road is a far different question from whether or not police officers performing concededly governmental functions should be held civilly liable in the first place. If Officer Howard had not been responding to a call but had been en route to get a cup of coffee, this would be a different case.

The issue is not how Officer Howard drove. Rather, the issue is whether or not Officer Howard should be afforded governmental immunity for acts of negligence performed while carrying out a governmental function. If Officer Howard had not been engaged in the performance of a governmental function, § 46.1-226 may have served to establish negligence *per se*.

In this instance, however, the court is persuaded that operation of a police vehicle in responding to a call for assistance dents of *Aguilar v. Texas*, 378 U.S. 108 (1964), found probable cause to believe on reliance on the sufficiency of the affidavit that criminal activity was afoot and the evidence of such activities would be found in the places alleged in the affidavit. The Motion to Suppress the evidence as fruits of an illegal search and illegal order is overruled. See *Aguilar*, see also, *Williams v. Commonwealth of Virginia*, 4 Va. App. 53 (1987).